**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JOE HAND PROMOTIONS, INC.,
    Plaintiff,

v.

BERNARD HAMILTON and VITA GLOVER, *individually, and as officers, directors, shareholders, members and/or principals of Phoenix Cigars, LLC d/b/a Phoenix Cigar Lounge*; and PHOENIX CIGARS, LLC,
    Defendants.

Civil Action No.
1:20-cv-02119-SDG

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss [ECF 13]. For the following reasons, Defendants' motion is **GRANTED in part and DENIED in part**.

**I.    Background**[1]

Plaintiff Joe Hand Promotions, Inc. (Joe Hand) initiated this action on May 18, 2020, against Defendants Bernard Hamilton and Vita Glover (individually, and as officers, directors, shareholders, members and/or principals of Phoenix Cigars,

---

[1] For purpose of this Order, the Court assumes the truth of Joe Hand's well-pleaded allegations. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

LLC d/b/a Phoenix Cigar Lounge) and Phoenix Cigars, LLC (Phoenix).[2] Phoenix is located in Stockbridge, Georgia and operates the Phoenix Cigar Lounge (the Lounge).[3] The individuals are alleged on information and belief to be officers, directors, shareholders, members, or principals "of the entity owning and operating" the Lounge (*i.e.*, presumably Phoenix).[4] The Complaint pleads that each individual "had the right and ability to supervise and an obvious and direct financial interest in the activities of the [Lounge] at all times relevant to Plaintiff's claims."[5]

The Complaint alleges that Joe Hand specializes in distributing and licensing premier sporting events to commercial and non-residential establishments.[6] It had exclusive rights to commercially license the audio-visual broadcast of the fight *Manny Pacquiao v. Keith Thurman* on July 20, 2019 (the Program).[7] Defendants purportedly took steps to avoid commercially

---

[2]   ECF 1.

[3]   *Id.* ¶ 6.

[4]   *Id.* ¶ 7.

[5]   *Id.* ¶ 8.

[6]   *Id.* ¶ 4.

[7]   *Id.* ¶ 5.

licensing the Program and instead obtained it "through an unauthorized cable signal, satellite signal, and/or internet stream."[8]

To support these allegations, the Complaint attaches a screenshot of a Facebook page for "Phoenix Cigar Lounge," posting what appears to be a promotional image for the Program, with the message:

> Pacquiao . . . Thurmond [sic]? Either way you put it, this is going to be a Good fight! Stop in and explor [sic] our great selection of Cigars and stay for the show!![9]

Below the message, one of the hashtags is "#pacquiaothurmanfight!"[10] A second screenshot shows an image of two unidentified boxers in a ring, and of numerous unidentified individuals in various states of indoor recreation.[11] The message states: "Enjoy Life . . . Enjoy Cigars!!" and contains the same hashtag.[12]

Joe Hand asserts causes of action for cable and satellite piracy in violation of 47 U.S.C. §§ 553 and 605 (Count I); and copyright infringement in violation of

---

[8]  *Id.* ¶ 10. *See also id.* ¶¶ 11–13.

[9]  *Id.* at 9.

[10] *Id.*

[11] ECF 1, at 10.

[12] *Id.*

17 U.S.C. §§ 106 and 501(Count II).[13] It seeks statutory damages and attorneys' fees, interest, and costs.[14]

On June 23, 2020, Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6).[15] The motion was signed by Hamilton "on behalf of all Defendants."[16] Joe Hand responded on July 7.[17] Defendants did not file a reply.

## II. Applicable Legal Standards

### a. Joe Hand's causes of action

Federal law prohibits intercepting or receiving (or assisting in intercepting or receiving) a "service offered over a cable system, unless specifically authorized to do so." 47 U.S.C. § 553(a)(1). It also generally prohibits the unauthorized

---

[13] *Id.* at 5–7.

[14] *Id.* at 7–8.

[15] ECF 13.

   Defendants were all served on May 28, 2020 (ECF 10; ECF 11; ECF 12), which made their response to the Complaint due on June 18. Fed. R. Civ. P. 12(a)(1)(A)(i). While Defendants' motion asserts that Joe Hand agreed to a deadline of June 23 for them to respond, parties cannot agree by stipulation to alter a deadline set by the federal rules or court order. *Id.* 6(b)(1). Given the short delay and Joe Hand's lack of objection, the Court will excuse Defendants' technical default. *Cf. Home Ins. Co. v. Paige*, 255 F. Supp. 51, 54–55 (D. Md. 1966) (deeming informal extensions of time agreed to between the parties sufficient to grant formal extensions under Rule 6).

[16] ECF 13, at 4.

[17] ECF 16.

interception and publication of radio communications, and unauthorized receipt of such communications for one's own benefit. 47 U.S.C. § 605(a). Violation of these laws can be the basis for civil suits for (among other things) injunctive and compensatory relief. *Id.* §§ 553(c), 605(e). The owner of a copyright has the exclusive ability to authorize the public display of the copyrighted work. 17 U.S.C. § 106(5). The holder of that exclusive right can sue for infringement. 17 U.S.C. § 501(b).

In addition to this primary liability, in *BUC International Corp. v. International Yacht Council Ltd.,* the Eleventh Circuit indicated that there can be secondary liability, noting that "vicarious and contributory copyright infringement are well established principles derived from common law." 489 F.3d 1129, 1138 n.19 (11th Cir. 2007). The court described contributory infringement as causing or contributing of another's infringing conduct. *Id.* Vicarious infringement, by contrast, "arises when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Id.* (internal quotation marks omitted) (citation omitted). A court in this District has further explained that,

> [t]o subject a corporate defendant to individual liability
> for copyright infringement, a party must show that the

>   defendant had the ability to supervise the copyright-
>   infringing-activity and had some financial stake in it.

*Nafra Worldwide, LLC v. Home Depot U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 201841, at *12 (N.D. Ga. Aug. 29, 2013) (Totenberg, J.) (citing *S. Bell Tel. & Tel. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)).

### b.     Pleading standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.,* 355 F. App'x 318, 322 (11th Cir. 2009) (internal quotation marks omitted) (citation omitted). A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

## III. Discussion

### a. Hamilton cannot represent Phoenix or Glover.

Joe Hand argues that the Court should not consider Defendants' motion with regard to Glover or Phoenix because it was signed only by Hamilton, who is not an attorney.[18] This argument is correct. While Hamilton may represent himself, he is not licensed to practice law in the State of Georgia or before this Court.[19] Accordingly, he cannot represent Glover or Phoenix in this action. To do so would

---

[18]  ECF 16, at 7.

[19]  A search of the State Bar website does not reveal any attorney licensed to practice in Georgia named "Bernard Hamilton." https://www.gabar.org/membersearchresults.cfm (last accessed Jan. 15, 2021).

violate Georgia law and this Court's Local Rules. O.C.G.A. § 15-19-51(a)(1) ("It shall be unlawful for any person other than a duly licensed attorney at law . . . . To practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body."); LR 83.1(A)(1), NDGa ("Any attorney who is an active member in good standing of the State Bar of Georgia is eligible for admission to the bar of this Court.").

Moreover, a corporate entity can *only* appear through legal counsel, and cannot appear *pro se* or be represented by a *pro se* party. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."). For this additional reason, Hamilton cannot represent Phoenix. The motion to dismiss as to Glover and Phoenix is therefore **DENIED**. Although this leaves both of these Defendants without having filed a response to the Complaint, the Court will permit them an opportunity to do so.

### b.      Hamilton's liability for Phoenix's alleged infringement

Hamilton contends that Phoenix is a separate legal entity from its shareholders and he is thus not liable for Phoenix's debts.[20] Since the Complaint does not allege he is the alter ego of Phoenix or that Phoenix's corporate veil should be pierced, so Hamilton's argument goes, the claims against him must be dismissed.[21] Joe Hand counters that its allegations of Hamilton's "right and ability to supervise" the activities at the Lounge and his "direct financial interest in those activities" are sufficient to plead that he violated copyright law.[22] Because state law defenses do not apply to Joe Hand's claims, Hamilton's alter ego and veil piercing arguments must be rejected. *Nafra Worldwide*, 2013 U.S. Dist. LEXIS 201841, at *12 n.15.

Allegations that an individual defendant had the ability to supervise the infringing activity and some financial stake in that activity are sufficient to survive a motion to dismiss. *Id.* at *12. While the Complaint alleges that Hamilton had a financial interest in the alleged infringement based on his status as "an officer,

---

[20] ECF 13, at 2 (citing *Derbyshire v. United Builders Supplies, Inc.*, 194 Ga. App. 840 (1990)).

[21] *Id.* at 2–3.

[22] ECF 16, at 4–5 (citing ECF 1, ¶ 8).

director, shareholder, member or principal,"[23] Joe Hand has not pleaded any facts suggesting that Hamilton had the ability to supervise or any involvement with the *infringing activity*. Joe Hand need not at this stage specify whether the alleged improper broadcast of the Program was made via cable or satellite, since that information is particularly within the knowledge of Defendants. *Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-cv-276(CAR), 2009 WL 5031580, at *2 (M.D. Ga. Dec. 15, 2009) (citing, *inter alia*, *J & J Sports Prods., Inc. v. Fitzgerald*, No. 1:09–cv–1684–WSD, 2009 WL 3681834, at *2 n.1 (N.D. Ga. Oct. 30, 2009)). But it cannot rely on the barest of information and belief assertions about Hamilton's status to satisfy the necessary pleading standard. *Compare with Nafra Worldwide*, 2013 WL 12098772, at *12 ("Even assuming, *arguendo*, that her position in JKA alone establishes her financial interest, her position does not automatically establish her ability to supervise her husband's activities and Nafra does not allege a single fact which would warrant such an assumption. For example, Nafra's Complaint fails to allege that Ms. Anderson directly participated in the administration or operation of the business of JKA, much less that she directed, controlled, ratified, participated in, or was the moving force behind the alleged

---

[23] ECF 1, ¶ 7.

trademark infringement."); *McBroom*, 2009 WL 5031580, at *4 (concluding that, by virtue of his default, the individual defendant admitted supervisory control over the company's "decision to broadcast" the program at issue).

The "sheer possibility" that Hamilton might have violated the law is simply not enough to plead his vicarious liability for the infringing activity. *Waters Edge Living,* 355 F. App'x at 322. Further, the shotgun nature of Joe Hand's allegations (lumping all Defendants together without specifying any particular individual conduct) "patently violate[s]" the federal pleading standards. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (concluding that a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading). This does not, however, preclude Joe Hand from seeking leave to amend to add as a defendant any individual who may be liable for vicarious or contributory infringement based on information uncovered during discovery.

### c. Registration of the Copyright

Hamilton also argues that the Complaint does not adequately allege Joe Hand had a copyright certificate of registration for the Program.[24] According to him, the Complaint states only that the Program "was registered,"[25] which could mean that Joe Hand had applied for, but not yet received the certificate of registration.[26] This argument is easily dispensed with. As Joe Hand points out, the registration of the copyright for the Program is reflected on the Form AO 121 (Report on the Filing or Determination of an Action or Appeal Regarding a Copyright) that was filed along with the Complaint.[27] This is sufficient to show registration. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886, 888–89 (2019) (registration occurs when the Copyright Office registers a copyright rather than when an applicant delivers the application).

## IV. Conclusion

Defendants' Motion to Dismiss [ECF 13] is **GRANTED in part and DENIED in part**. Because the Complaint does not state a claim against Hamilton, the motion

---

[24] ECF 13, at 3.

[25] *Id.* (citing ECF 1, ¶ 24).

[26] *Id.* (citing *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019)).

[27] ECF 16, at 8 (referring to ECF 6); ECF 16-3.

is **GRANTED** with regard to Joe Hand's claims against him. Joe Hand may amend its Complaint to cure the deficiencies outlined herein within 14 days after entry of this Order. To the extent the motion relates to Defendants Glover and Phoenix, it is **DENIED**. Within **30 days** after entry of this Order, **Glover** is **DIRECTED** to respond to the Complaint by answer or motion to dismiss and **Phoenix** is **DIRECTED** to file a notice of appearance of counsel and to respond to the Complaint by answer or motion.

    **SO ORDERED** this the 25th day of January 2021.

                                               Steven D. Grimberg
                                     United States District Court Judge