IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>    Plaintiff,<br><br>                    v.<br><br>VITA GLOVER and PHOENIX CIGARS, LLC<br>d/b/a PHOENIX CIGAR LOUNGE,<br>    Defendants. | Civil Action No.<br>1:20-cv-02119-SDG |

## OPINION AND ORDER

Before the Court is Plaintiff's Application for Default Judgment Against Defendants [ECF 30]. For the following reasons, the motion is **GRANTED**.

**I.    Background**

Plaintiff Joe Hand Promotions, Inc. (Joe Hand) initiated this action on May 18, 2020, against Defendants Bernard Hamilton, Vita Glover, and Phoenix Cigars, LLC.[1] On June 23, 2020, Defendants moved to dismiss.[2] On January 25, 2021, the Court entered an order granting the motion in part and denying it in part.[3] It dismissed the claims against Hamilton, but declined to dismiss the claims against

---

[1]   ECF 1.

[2]   ECF 13.

[3]   ECF 22.

the other two Defendants.[4] The Court directed them to respond to the Complaint, and gave Joe Hand leave to file an amended pleading.[5]

On January 29, 2021, Joe Hand filed its Amended Complaint.[6] Joe Hand specializes in distributing and licensing sporting events to commercial and non-residential establishments.[7] It had exclusive rights to commercially license the audio-visual broadcast of the fight *Manny Pacquiao v. Keith Thurman* on July 20, 2019 (the Program).[8] Defendant Vita Glover is the controlling manager of Defendant Phoenix Cigars, LLC d/b/a Phoenix Cigar Lounge (the Lounge).[9] Glover and the Lounge purportedly took steps to avoid licensing the Program, instead obtaining it "through an unauthorized cable signal, satellite signal, and/or internet stream" for broadcast at the Lounge.[10] Glover was allegedly serving

---

[4]  *Id.* at 12–13.

[5]  *Id.*

[6]  ECF 24.

[7]  *Id.* ¶ 4.

[8]  *Id.* ¶ 5.

[9]  *Id.* ¶ 7.

[10] *Id.* ¶ 11. *See also id.* ¶¶ 14–16.

customers during the illicit display.[11] Joe Hand contends that Glover "had the right and ability to supervise the display" and financially benefited from it.[12]

Joe Hand asserts causes of action for cable and satellite piracy in violation of 47 U.S.C. §§ 553 and 605 (Count I); and copyright infringement in violation of 17 U.S.C. §§ 106 and 501 (Count II).[13] It seeks statutory damages and attorneys' fees, interest, and costs.[14] On February 10, 2021, Defendants again moved to dismiss.[15] On June 17, the Court denied the motion, directed Glover to answer the Amended Complaint, and directed the Lounge to appear through counsel and answer the amended pleading.[16] Glover and the Lounge did none of these things, so Joe Hand moved for a clerk's entry of default on July 9.[17] The clerk entered the default the same day,[18] and Joe Hand moved for default judgment on August 3.[19] It seeks damages in the amount of $260,000.00, as well as attorneys' fees of

---

11   *Id.* ¶ 20.
12   *Id.* ¶¶ 8–9, 20.
13   ECF 24, at 6–8.
14   *Id.* at 8.
15   ECF 25.
16   ECF 28.
17   ECF 29.
18   July 9, 2021 D.E.
19   ECF 30.

$4,232.50 and costs.[20] Glover and the Lounge belatedly opposed the motion on August 27, with Glover again purporting to represent the Lounge.[21]

## II.  Applicable Law

### a.  Default Judgments

Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (entry of default judgment in favor of plaintiff warranted only if there exists "a sufficient basis in the pleadings for the judgment entered").

A default entered pursuant to Rule 55(a) constitutes an admission of all well pleaded factual allegations contained in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)) (additional citations omitted). When considering a motion for the entry of default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod.*

---

[20]  *Id.* ¶¶ 5–6; ECF 30-1, ¶ 7.

[21]  ECF 31.

*Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). This includes a review of any affidavit or declaration submitted by the plaintiff. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). Further, a defendant in default does not admit allegations relating to the amount of damages. *Id.* at 1365. But when the amount is "for a sum certain or a sum that can be made certain by computation," the Court need not conduct a hearing before awarding damages. Fed. R. Civ. P. 55(b).

### b. Joe Hand's Claims

Federal law prohibits intercepting or receiving (or assisting in intercepting or receiving) a "service offered over a cable system, unless specifically authorized to do so." 47 U.S.C. § 553(a)(1). It also generally prohibits the unauthorized interception and publication of radio communications, and unauthorized receipt of such communications for one's own benefit. *Id.* § 605(a). Private rights of action exist for violations of these laws. *Id.* §§ 553(c), 605(e). The owner of a copyrighted work has the exclusive ability to authorize its public display. 17 U.S.C. § 106(5). The holder of that exclusive right can sue for infringement. *Id.* § 501(b).

In addition to this primary liability, in *BUC International Corp. v. International Yacht Council Ltd.*, the Eleventh Circuit indicated that there can be secondary

liability, noting that "vicarious and contributory copyright infringement are well established principles derived from common law." 489 F.3d 1129, 1138 n.19 (11th Cir. 2007). The court described contributory infringement as causing or contributing of another's infringing conduct. *Id.* Vicarious infringement, by contrast, "arises when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." *Id.* (cleaned up). *Nafra Worldwide, LLC v. Home Depot U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 201841, at *12 (N.D. Ga. Aug. 29, 2013) (Totenberg, J.) (concluding that, "[t]o subject a corporate defendant to individual liability for copyright infringement, a party must show that the defendant had the ability to supervise the copyright-infringing-activity and had some financial stake in it.") (citing *S. Bell Tel. & Tel. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)).

### III.   Discussion

#### a.   Joe Hand is entitled to default judgment against the Lounge.

The Court has made clear several times that, while Glover is entitled to represent herself, the Lounge must be represented by counsel authorized to practice in this Court.[22] A corporate entity can *only* appear through legal counsel, and cannot appear *pro se* or be represented by a *pro se* party. *Palazzo v. Gulf Oil*

---

22   *See generally* ECF 22, at 7–8, 12–13; ECF 28, at 5–6, 8.

*Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."). To date, no counsel has appeared on behalf of the Lounge despite it having had substantial time to obtain an attorney.[23] The Lounge is therefore in violation of this Court's Orders and the Local Rules. And, the Court has already held that the well-pleaded allegations of the Amended Complaint state a claim against the Lounge.[24] Accordingly, Joe Hand is entitled to entry of default judgment against it.

### b. Joe Hand is entitled to default judgment against Glover.

Despite having been properly served, being twice directed to answer, and having had substantial time to do so, Glover has consistently failed to answer the Amended Complaint.[25] In her untimely response to Joe Hand's motion for default judgment, Glover finally attempts to defend against the pleading's allegations by arguing ignorance of the law: "[the Lounge] had no knowledge that they were to

---

[23] *See generally* Docket.

[24] ECF 28.

[25] ECF 10; ECF 22, at 13; ECF 28, at 8.

obtain a commercial license prior to airing" the Program.[26] She also disclaims any personal involvement in the infringing activity.[27]

It is now far too late for Glover to try to answer the Amended Complaint without showing good cause or excusable neglect for her failures to timely do so and to comply with the Court's orders. Fed. R. Civ. P 6(b)(1). The clerk has entered default and Glover has not sought to set that default aside. Fed. R. Civ. P. 55(c). Nor does her response to the motion for default judgment provide good cause for the Court to do so. *Id.* She had more than ample time to comply with the Court's Orders and answer the Amended Complaint but did not.

As with the Lounge, the Court has already held that the well-pleaded allegations of the Amended Complaint state a claim against Glover.[28] And she admits all of the well-pleaded allegations in the Amended Complaint by virtue of her default. *Beringer*, 2011 WL 3444347, at *2.

### *i.* **Count I**

To show violations of these statutes, Joe Hand must show the following elements: that Defendants "(1) intercepted or received the Program, (2) did not

---

[26]  *See generally* ECF 31.

[27]  *Id.* at 4–6, 9.

[28]  ECF 28.

pay for the right to receive or to exhibit the Program, and (3) displayed the Program to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Roussell*, No. 1:18-cv-3752-MHC, 2019 WL 5273962, at *2 (N.D. Ga. Jan. 30, 2019). *See also J & J Sports Prods., Inc. v. Khin*, No. 1:15-cv-3180-MHC, 2016 WL 9046677, at *3 (N.D. Ga. Mar. 31, 2016); *J & J Sports Prods., Inc. v. Just Fam, LLC*, No. 1:09-cv-03072-JOF, 2010 WL 2640078, at *2 (N.D. Ga. June 28, 2010).[29] Courts have additionally held that "willfulness under section 605 is established by the fact that an event is broadcast without authorization." *J&J Sports Prods., Inc. v. Space Millennium 2013, LLC*, No. 1:15-cv-1768-MHC, 2015 WL 13357907, at *3 (N.D. Ga. Sept. 17, 2015); *Joe Hand Promotions, Inc. v. Blanchard*, No. 4:09-cv-100, 2010 WL 1838067, at *4 (S.D. Ga. May 3, 2010). Joe Hand has established these elements.[30]

---

[29] The Court notes there is a circuit split concerning whether §§ 553 and 605 cover both satellite transmissions and cable programming transmitted over a cable network. *See Joe Hand Promotions, Inc. v. Jones*, No. 1:18-cv-3702-TCB, 2019 WL 5280971, at *2 (N.D. Ga. Apr. 18, 2019) (following reasoning from Third and Seventh Circuits and holding "§ 605's plain language prohibits commercial establishments from intercepting and broadcasting satellite programming, while § 553 addresses interceptions that occur through a cable network"). The Eleventh Circuit has yet to address this issue. *Id.* But, as noted by the Court in *Jones*, the difference is immaterial for the purposes of ruling on this motion for default judgment.

[30] ECF 24, ¶¶ 11–16.

### *ii.* **Count II**

To show copyright infringement, a plaintiff must establish (1) ownership of a valid copyright and (2) that the defendant infringed an exclusive right granted by the Copyright Act. 17 U.S.C. § 501; *Architects Collective v. Pucciano & English, Inc.*, 247 F. Supp. 3d 1322, 1337 (N.D. Ga. 2017). "Intent or knowledge is not an element of copyright infringement" because it is a strict liability offense. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1275 n.6 (M.D. Fla. 2008) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g, Co.*, 807 F.2d 1110, 1113–14 (2d Cir. 1986)). Joe Hand meets both elements. It had a valid copyright and Defendants infringed it by showing the Program without permission. 17 U.S.C. §§ 106(3), (4).[31]

Entry of default judgment against Glover on both Counts is appropriate.

### c. **Damages**

### *i.* **Count I**

For the violations of 47 U.S.C. § 553 and 47 U.S.C. § 605 alleged in Count I, Joe Hand seeks statutory and enhanced damages. Under Section 553, statutory damages from $250 to $10,000 may be awarded for each violation. 47 U.S.C. §§ 553(c)(3)(A)(ii) Where there has been a willful violation for commercial advantage, the Court may increase the statutory award up to $50,000. *Id.*

---

[31]   ECF 6; ECF 16-3; ECF 24, ¶ 16.

§ 553(c)(3)(B). If the violator was not aware that its acts constituted a violation, the Court can reduce the award to not less than $100. *Id.* § 553(c)(3)(C).

Under Section 605, the Court may award statutory damages from $1,000 to $10,000. *Id.* § 605(e)(3)(C)(i)(II). For willful violations for commercial advantage, the Court may increase the damages up to $100,000. *Id.* § 605(e)(3)(C)(ii). If the violator was unaware that its acts were a violation, the Court may reduce the damages to not less than $250. *Id.* § 605(e)(3)(C)(iii). Where a court "determines that a defendant's conduct has violated both sections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of those sections." *Just Fam*, 2010 WL 2640078, at *2. *See also J & J Sports Prods., Inc. v. Herbelaine, Inc.*, No. 1:15-cv-1595-CC, 2016 WL 9045967, at *4 (N.D. Ga. Feb. 8, 2016) ("Recovery under both §§ 553 and 605 is not permissible."). Thus, whether Defendants here violated Section 553 or Section 605 is immaterial.

### 1.    Statutory damages

Although Joe Hand seeks a fixed sum of damages—the statutory maximum available—the Court has substantial discretion in setting the appropriate amount. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (stating that courts have "wide latitude . . . in awarding statutory damages."). Here, the Program was purportedly displayed on two television sets in a facility

with a maximum capacity of about 70 people.[32] There were never more than 25 people in attendance at the same time.[33] The Lounge promoted its display of the Program in advance, presumably to attract customers, but did not charge a cover to patrons.[34] Nor is there any indication that the Lounge increased the prices it charged for food, beverages, or cigars during the broadcast.[35] The sublicensing fee Joe Hand would have charged in advance is $1,475.[36] Given these facts, the Court finds an adequate statutory damage award to be that sublicense fee.

### 2. Enhanced damages

Joe Hand also seeks enhanced damages. "Under both [Section 553 and 605], the district court is given discretion to award enhanced damages where there is a finding of willful conduct done for purposes of commercial advantage or private financial gain." *Khin*, 2016 WL 9046677, at *5 (citing 47 U.S.C. §§ 553, 605). To determine if a defendant's willful conduct justifies increased damages, courts consider several factors "(i) repeated violations over an extended period of time; (ii) substantial unlawful monetary gains; (iii) advertising of the broadcast;

---

[32] ECF 30-2, at 18–19.

[33] *Id.*

[34] *Id.* at 18, 31–32.

[35] *Id.* at 18–19, 25–26 ¶ 16.

[36] *Id.* at 22–23 ¶ 8; *id.* at 29.

(iv) charging of a cover charge or premiums for food and drinks; or (v) plaintiff's significant actual damages." *Just Fam*, 2010 WL 2640078, at *3.

Here, there is evidence that the Lounge advertised its broadcast of the Program and Glover (by virtue of her default) admitted to having been the controlling manager at the time. This is sufficient to show a willful violation of Sections 553 and 605. As such, some enhanced damages are warranted. District courts in the Eleventh Circuit routinely calculate enhancement awards by multiplying the statutory damage amount by three. *See, e.g.*, *Joe Hand Promotions, Inc. v. Jones*, No. 1:18-cv-3702-TCB, 2019 WL 5280971, at *3 (N.D. Ga. Apr. 18, 2019); *Khin*, 2016 WL 9046677, at *5; *Herbelaine*, 2016 WL 9045967, at *5; *Blanchard*, 2010 WL 1838067, at *4; *Just Fam*, 2010 WL 2640078, at *3. "The formula of three times the statutory award is common . . . where the establishment is a first-offender, did not charge for entry, did not charge a premium on drinks or food during the broadcast, and did not advertise the broadcast." *Blanchard*, 2010 WL 1838067, at *4. Other than having advertised, these rationales apply to Defendants. As such, the Court finds that a three-times multiplier of the statutory damage award ($4,425) is appropriate and will act as a sufficient deterrent. The total statutory damages award for Count I is therefore $5,900.

### *ii.* **Count II**

Under Count II for copyright infringement, Joe Hand seeks statutory and enhanced damages pursuant to 17 U.S.C. §§ 106 and 501. Statutory damages may range from $750 to $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1). Willful violations can incur damages up to $150,000. Id. § 504(c)(2). Courts in this district have found the sublicensing fee plus the average residential charge each of the viewing patrons would have paid to view the Program at home to be an appropriate measure of statutory damages. *See, e.g., Jones*, 2019 WL 5280971, at *4.

In determining whether actions were willful for purposes of enhanced damages, a court looks to "whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." *Marshall v. Marshall*, No. 08-cv-1420, 2012 WL 1079550, at *25 (E.D.N.Y. Mar. 30, 2012); *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496–97 (4th Cir. 1996). The Court also has wide discretion under the statute in determining the appropriate damages award for copyright infringement. *Cable/Home Commc'n Corp.*, 902 F.2d at 852.

Here, no more than 25 people viewed the Program at any time.[37] Multiplying that figure by the price that would have been charged to "independents" for viewing the program—$12.50—yields $312.50. Adding the sublicensing fee of $1,475, Joe Hand is entitled to statutory damages of $1,787.50 on its copyright infringement claim. There is no evidence to support any of the factors to which courts look to impose an enhanced damages award. Accordingly, Joe Hand is not entitled to such damages. The total statutory damages award for Count II is therefore $1,787.50.

### iii. Costs and fees

Because liability has been established under §§ 553 and 605, Joe Hand is entitled to its reasonable attorneys' fees. It requests $4,232.50 in fees and has submitted a copy of the detailed billing statement from its counsel showing each task performed and counsel's hourly rate.[38] The Court finds that the requested attorneys' fees are reasonable. As such, Joe Hand is entitled to $4,232.50 in attorneys' fees. In addition, within 14 days after entry of this Order it may submit a bill of costs to seek its recoverable costs. 28 U.S.C. § 1920.

---

[37] ECF 30-2, at 18.

[38] ECF 30, at 6–8.

### *iv.* **Joint and several liability**

Defendants are jointly and severally liable to Plaintiff for all damages, attorneys' fees, and costs awarded in this Order. A person is vicariously liable for satellite or cable piracy if he "had a right and ability to supervise the violations, and . . . had a strong financial interest in such activities." *Blanchard*, 2010 WL 1838067, at *3. The same vicarious liability test applies for copyright infringements. *BUC Int'l*, 489 F.3d at 1138 n.19 ("Liability for vicarious copyright infringement arises when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement."). Joe Hand alleges—and, by their default, Defendants admit—that Glover was "acting as the controlling manager" of the Lounge on the date of the broadcast, supervising the display of the Program, and had a strong financial interest in the illicit broadcast.[39] These allegations provide a sufficient basis for vicarious and, therefore, joint and several liability on default judgment.

---

[39] ECF 24, ¶¶ 7–9.

**IV.     Conclusion**

Plaintiff's Application for Default Judgment Against Defendants [ECF 30] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against both Defendants, jointly and severally, in the amount of **$11,920.00**.

**SO ORDERED** this 28th day of March, 2022.

_____
Steven D. Grimberg
United States District Court Judge